IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Elijah Rhodes, Sr., ) | C/A No. 0:14-428-MGL-PJG |
|                       Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Warden Beckwith, ) | |
|                       Respondent. ) | |

Petitioner David Elijah Rhodes, Sr., a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 21.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Rhodes was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 23.) Rhodes filed a response in opposition. (ECF No. 26.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Rhodes's Petition denied.

## BACKGROUND

Rhodes was indicted in February 2007 in Sumter County for murder and possession of a firearm during the commission of a violent crime (07-GS-43-222). (App. at 111-12, ECF No. 22-1 at 113-14.) Rhodes was represented by Timothy Murphy, Esquire, and on March 3, 2004 pled guilty to voluntary manslaughter. The circuit court sentenced Rhodes to eighteen years' imprisonment. (App. at 59, ECF No. 22-1 at 61.)

Rhodes filed a *pro se* application for post-conviction relief ("PCR") on December 3, 2008 in which he raised the following claims:

> Ineffective Assistance of counsel: Court appointed counsel made no independent investigation of case.
>
> Not excersizing second and third post trial remedy: I ask counsel to allow me to negotiate a better plea with the judge, and was denied that right.

(See Rhodes v. State of South Carolina, 08-CP-43-2181; App. at 61-65, ECF No. 22-1 at 63-67) (errors in original). The State filed a return. (App. at 66-69, ECF No. 22-1 at 68-71.) On October 29, 2010, the PCR court held an evidentiary hearing at which Rhodes appeared and testified and was represented by Charles T. Brooks, III, Esquire. By Order filed January 25, 2011, the PCR court denied and dismissed with prejudice Rhodes's PCR application. (App. at 104-10, ECF No. 22-1 at 106-12.)

On appeal, Rhodes was represented by Breen Richard Stevens, Esquire, Appellate Defender, who filed a Johnson[1] petition for a writ of certiorari on Rhodes's behalf that presented the following question:

> Whether Counsel's performance was constitutionally deficient for failing to make an independent investigation of Petitioner's murder case prior to Petitioner's trial date and subsequent plea on the day of trial?

(ECF No. 22-3.) Rhodes filed a *pro se* response to the Johnson petition in which he raised the following issues:

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



1. Did the Post-Conviction Relief (PCR) Court err in denying Petitioner's Motion for Relievement of Counsel when clearly PCR Counsel was laboring under Conflicting Interests?

2. Did the Post-Conviction Relief (PCR) Court err in denying Petitioner's application for relief when counsel's performance was constitutionally deficient and prejudicial?

(ECF No. 22-5.) On January 23, 2014, the South Carolina Court of Appeals issued an order denying Rhodes's petition for a writ of certiorari. (ECF No. 22-6.) The remittitur was issued February 11, 2014. (ECF No. 22-7.) This action followed.

## FEDERAL HABEAS ISSUES

Rhodes's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:** Ineffective Assistance of Counsel
**Supporting Facts:** Necropsy Report, Trace Evidence, Toxicology, and GSR-kit evidence clearly show four hands were on the weapon. (Trace Evidence) The less than twelve inches distance between the victim and I, is consistent with "struggle over weapon." (Toxicology) Victim's blood alcohol level. (GSR-kit) Palms and forehead gun shot residue. I testified about these exhibits during my initial trial in which my attorney, Charles Brooks, refuse to place into evidence.

**Ground Two:** Fabrication of Evidence
**Supporting Facts:** Detectives never followed up on my version of what occurred. Victim launched for the weapon that was sitting in the floorboard of the vehicle; weapon-angle discharge is consistent with accidental shooting. Car door panels were not checked for victim's fingerprints, if so, it was not given to defense.

**Ground Three:** Necropsy Report/Autopsy based on Hearsay. (Dr. Ross said test done without toxicology. If positive, may have to amend opinion.)
**Supporting Facts:** P.I. Glenn Harrell of Glenn Harrell Investigative Services deciphered the many defects held within Dr. Ross' autopsy report. First, she claimed manner of death based on hearsay of law enforcement officers. Secondly, victim's height contrasted with my position within the vehicle is aligned with trajectory that is consistent with accidental shooting.

**Ground Four:** Invalid Murder Indictment
**Supporting Facts:** I should have not been charged with murder due to the over-whelming evidence of accidental shooting. All elements in my case are appearant evidences of Involuntary Manslaughter. Everything in my case show evidence of a lesser included offense. See: exhibits. Date of trial was 3/3/08 date my



> trial got exhibits off internet 3/2/08.  Check bottom right corner of exhibits for date.  Prepared strategy day before trial.

(Pet., ECF No. 1) (errors in original).

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex



Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).



"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

C.     **Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.



**D.     Summary Judgment Motion**

    **1.     Ground One**

The respondent argues that Rhodes's claims in his Petition are not cognizable. Ground One appears to raise a freestanding claim of ineffective assistance of PCR counsel. Specifically, Rhodes argues that PCR counsel refused to place into evidence various exhibits. Contrary to Rhodes's arguments, such a freestanding claim is not cognizable in federal habeas proceedings. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); see also Martinez v. Ryan, 132 S. Ct. 1309, 1320 (2012) (stating that "while § 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop Martinez from using it to establish 'cause' " for an otherwise procedurally defaulted ineffective assistance of trial counsel claim). To the extent that Rhodes's response to the respondent's motion can be construed as arguing that he is actually relying on allegations that his PCR counsel was ineffective to excuse procedural default of a claim of ineffective assistance of plea counsel for failing to properly investigate, such an argument is misplaced. See Martinez, 132 S. Ct. at 1315 (holding that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial"). A review of Rhodes's state PCR proceedings reveals that his claim of ineffective assistance of plea counsel in failing to properly investigate was presented to and ruled on by the PCR court, as well as the state appellate court on appeal. Therefore, such a claim was not procedurally defaulted; thus, there is no default to excuse, and Martinez simply does not apply. Rhodes is merely challenging plea counsel's performance in presenting this claim to the PCR court,

which as stated above is not a cognizable claim in federal habeas proceedings.[2]  Therefore, Rhodes is not entitled to federal habeas relief on Ground One.

### 2.     Ground Two and Three

Ground Two is entitled "Fabrication of Evidence" and Rhodes asserts that the detectives failed to follow up on his version of events.  For example, he contends that the weapon-angle discharge was consistent with an accidental shooting and that the car door panels were not checked for fingerprints, or if they were, then that evidence was not passed along to the defense.  Similarly, in Ground Three, Rhodes asserts that the autopsy report was based on hearsay and defective for several reasons.  The respondent argues that these claims are not cognizable because they lack a connection to a violation of federal law.  (Respt.'s Mem. Supp. Summ. J. at 13-14, ECF No. 22 at 13-14 (citing 28 U.S.C. § 2254(d)(1) (stating an application shall not be granted unless the claim was based on an improper application of federal law); Wilson v. Corcoran, 562 U.S. 1,  (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. . . . And we have repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.' ") (emphasis in original and internal citations omitted).

---

[2] Even construing Rhodes's Petition as challenging the PCR court's findings and conclusions regarding Rhodes's claim of ineffective assistance of plea counsel, Rhodes is not entitled to relief. Rhodes has utterly failed to demonstrate that the PCR court unreasonably misapplied the Strickland/Hill test in determining that no Sixth Amendment violation occurred or that the PCR court made objectively unreasonable factual findings.  See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984), see also Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1).  Specifically, upon careful review of the transcript and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Rhodes has failed to establish that plea counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient.  Additionally, Rhodes has failed to demonstrate that he was prejudiced and that, but for counsel's alleged errors, he would not have pled guilty but would instead have insisted on going to trial.  Strickland, 466 U.S. at 694; see also Hill, 474 U.S. at 59.



In response, Rhodes repeats his allegations and generally argues that his due process rights and right to equal protection were violated.

The court agrees that Rhodes's claims as alleged in his Petition are not cognizable as they fail to allege a violation of federal law. However, even construing Rhodes's claims as asserting violations of his due process rights and right to equal protection, as pointed out by the respondent these claims are procedurally defaulted as they were never presented to a state court. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, Rhodes pled guilty, thereby waiving any evidentiary challenges to evidence that may have been presented against him at trial. See Cureton v. Rushton, C/A No. 4:06-1683-RBH, 2007 WL 528054, at *15 (D.S.C. Feb. 14, 2007) ("A guilty plea waives nearly all non-jurisdictional claims with the exception of ineffective assistance of defense counsel and the voluntariness of the plea.") (citing Johnson v. Catoe, 520 S.E.2d 617, 619 (S.C. 1999); Gibson v. State, 514 S.E.2d 320, 324 (S.C. 1999)); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . ."). Finally, this ground would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Rhodes attempted to raise it now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.



Therefore, these claims may be considered by a federal court only if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. In response to the respondent's motion for summary judgment, Rhodes addresses the merits of these claims, but does not address the argument that these claims are procedurally barred.[3] Likewise, he makes no attempt to establish cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider his claim will result in a fundamental miscarriage of justice. Therefore, the court finds Grounds Two and Three, to the extent they are construed as asserting violation of federal law, to be procedurally barred from federal habeas review.

### 3.     Ground Four

In Ground Four, Rhodes challenges the validity of his indictment for murder. Specifically, he appears to challenge the sufficiency of the evidence to support that indictment. The respondent argues that this claim is not cognizable as Rhodes has not alleged a violation of federal law, and alternatively, even if his claim was sufficient to allege a due process violation, that claim would be procedurally defaulted. In response, Rhodes argues that he has alleged a due process violation and addresses the merits of his claim. Cf. Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985) ("Variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a

---

[3] To the extent that Rhodes's response may be construed as arguing that his procedural default should be excused pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012), as indicated above, the Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of *ineffective assistance at trial*." Id. at 1315 (emphasis added). Thus, Martinez does not aid Rhodes in excusing his procedural default of claims unrelated to ineffective assistance of trial counsel.



deprivation of the defendant's right to due process."). However, like Grounds Two and Three, Rhodes does not address the argument that his claim is procedurally barred, and he makes no attempt to establish cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider his claim will result in a fundamental miscarriage of justice. Therefore, the court finds Rhodes's claim to be procedurally barred from federal habeas review.

**4.     Other Claims**

To the extent that Rhodes's response in opposition to the respondent's motion can be construed to raise additional claims, these claims are not properly before the court, as they were not included in Rhodes's Petition. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 21) be granted and Rhodes's Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 9, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).