

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | |
|---|---|
| DAVID ELIJAH RHODES, SR., | § |
| | § |
| Petitioner, | § |
| | § |
| vs. | § CIVIL ACTION NO. 0:14-428-MGL-PJG |
| | § |
| WARDEN BECKWITH, | § |
| | § |
| Respondent. | § |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PETITIONER'S HABEAS PETITION

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and Petitioner's petition be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 9, 2015, and the Clerk of Court entered

Petitioner's objections on January 27, 2015.  The Court has reviewed the objections, but finds them

to be without merit.  Therefore, it will enter judgment accordingly

According to Petitioner, he is entitled to relief under § 2254 on the following grounds:

**Ground One:** Ineffective Assistance of Counsel

Supporting Facts: Necropsy Report, Trace Evidence, Toxicology, and GSR-kit evidence clearly show four hands were on the weapon. (Trace Evidence)  The less than twelve inches distance between the victim and I, is consistent with "struggle over weapon." (Toxicology) Victim's blood alcohol level.   (GSR-kit) Palms and forehead gun shot residue.  I testified about these exhibits during my initial trial in which my attorney, Charles Brooks, refuse to place into evidence.

**Ground Two:** Fabrication of Evidence

Supporting Facts: Detectives never followed up on my version of what occurred. Victim launched for the weapon that was sitting in the floorboard of the vehicle; weapon-angle discharge is consistent with accidental shooting. Car door panels were not checked for victim's fingerprints, if so, it was not given to defense.

**Ground Three:** Necropsy Report/Autopsy based on Hearsay. (Dr. Ross said test done without toxicology. If positive, may have to amend opinion.)

Supporting Facts: P.I. Glenn Harrell of Glenn Harrell Investigative Services deciphered the many defects held within Dr. Ross' autopsy report.  First, she claimed manner of death based on hearsay of law enforcement officers. Secondly, victim's height contrasted with my position within the vehicle is aligned with trajectory that is consistent with accidental shooting.

**Ground Four:** Invalid Murder Indictment

Supporting Facts: I should have not been charged with murder due to the over-whelming evidence of accidental shooting.  All elements in my case are appearant evidences of Involuntary Manslaughter. Everything in my case show evidence of a lesser included offense. See: exhibits.  Date of trial was 3/3/08 date my trial got exhibits off

2

> internet 3/2/08. Check bottom right corner of exhibits for date.
> Prepared strategy day before trial.

Petition 6-11 (errors in original and not corrected).

As to Ground One, Petitioner's ineffective assistance of PCR counsel, the Magistrate Judge suggests that his freestanding claim of ineffective assistance of PCR counsel is not cognizable under § 2254. The Court agrees. Under 28 U.S.C. § 2254(i), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."

Regarding Ground Two, "Fabrication of Evidence" and Ground Three, "Necropsy Report/Autopsy based on Hearsay," the Magistrate Judge asserts that these claims are not cognizable in a § 2254 action because neither one has any connection to a violation of federal law. The Magistrate is correct. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. . . . And we have repeatedly held that federal habeas corpus relief does not lie for errors of state law." *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010) (citation and internal quotation marks omitted). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

To the extent that Petitioner is asserting a due process or equal protection violation, because he failed to present those claims to the state court, such claims will generally be procedurally barred from consideration. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). However, if a federal habeas Petitioner can show both (1) "'cause' for noncompliance

3

with the state rule[,]" and (2)"'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. 527, 533 (1986) (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). But, when a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Nevertheless, because the requirement of exhaustion is not jurisdictional, this Court may also consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner cannot show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, but can demonstrate that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. 478, 496–97 (1986).

As noted in the Report, Petitioner has failed to demonstrate either cause and prejudice or that a "fundamental miscarriage of justice" has occurred. Thus, Grounds Two and Three are procedurally barred from review under § 2254.

According to the Magistrate Judge, when Petitioner's request for relief under Ground Four, "Invalid Murder Indictment," is viewed as a due process violation–as Petitioner argues that it should be–the claim is procedurally barred because Petitioner failed to present it to the state court. The Court concurs. And because Petitioner has failed to establish either cause and prejudice or that a "fundamental miscarriage of justice" has occurred, Ground Four is also barred from federal habeas review.

In Petitioner's response to Respondent's motion for summary judgment, he arguably presents some additional grounds for relief. The Magistrate Judge declined to consider the issues, however, stating that "these claims are not properly before the Court, as they were not included in

[Petitioner's] Petition." Report 12 (citing *Bridgeport Music*, *Inc. v. WM Music Corp*., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); *White v. Roche Biomedical Labs., Inc.*, 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment"). The Court agrees with the Magistrate Judge on this point.

In Petitioner's objections, he generally makes the same arguments that he did to the Magistrate Judge, which the Magistrate Judge rejected. Because the Court agrees with the Magistrate Judge's discussion of those issues, it need not repeat the analysis here. Petitioner also makes a few arguments in his objections that he did not present to the the Magistrate Judge. But, the Court finds those arguments so lacking in merit as not to require any discussion. Therefore, the Court will overrule Petitioner's objections.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's petition is **DENIED**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing.

Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 12th day of February, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.